UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14087-BLOOM

JEREMY N. KLECKNER,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
    _____/

## ORDER DENYING MOTION FOR A STAY OF ABEYANCE AND GRANTING LEAVE TO FILE AMENDED PETITION

**THIS CAUSE** is before the Court upon Petitioner Jeremy N. Kleckner's Motion for a Stay of Abeyance. ECF No. [9]. For the reasons set forth below, the Motion is denied.

On March 3, 2022, Petitioner initiated this action by filing his 28 U.S.C. § 2254 Petition on the District's form. ECF No. [1]. In the section pertaining to exhaustion, Petitioner lists two Rule 3.850 motions. *See id.* at 3–4. Petitioner filed the first Rule 3.850 motion in the trial court on January 13, 2020. The motion was denied on April 6, 2021. *Id.* at 4. Petitioner states that he filed the second Rule 3.850 motion in the trial court in January of 2022 and that it is still pending. *Id.*; ECF No. [9] at 2.

In the instant Motion, Petitioner seeks a stay of this habeas proceeding until said claims are exhausted in the state court proceedings. In the alternative, Petitioner seeks leave to file an amended petition without the unexhausted claims. *Id.* at 3.

When a federal habeas petition is "mixed" because it contains both exhausted and unexhausted claims, a district court has the discretion to hold the exhausted claims in abeyance while the petitioner presents the unexhausted claims in state court. *See Rhines v. Weber*, 544 U.S.

269, 275 (2005). However, "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id.* at 277 (alteration added). "It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Petitioner has not shown good cause to excuse his failure to exhaust the claims in his first Rule 3.850 motion. Petitioner argues there is good cause to stay the Petition because extraordinary circumstances prevented him from raising all issues in his in his first Rule 3.850 motion. ECF No. *[9]* at 1–2. Petitioner states that due "Covid-19 quarantine Lockdown restrictions" at his facility he was prevented from receiving "any legal assistance, access [to] the institutional law library, [and] access [to] his legal records" for almost a year. *Id.* at 2 (alterations added). At the time of filing the first Rule 3.850 motion, he states that he was unsure about the federal statute of limitations and ignorant of postconviction law. *Id.* Because of those circumstances, the trial court ignored his request to file a reply and summarily denied the motion. *Id.* Petitioner explains that once the quarantine was lifted, he had access to competent legal assistance, his legal records, and legal research and immediately filed a second Rule 3.850 motion containing "completely different grounds than the first Rule 3.850" motion. *Id.*

Petitioner's assertion that Covid-19 lockdowns prevented him from filing an adequate Rule 3.850 motion is specious. In the Petition, Petitioner states that he filed the first Rule 3.850 motion on January 13, 2020, immediately prior to the spread of Covid-19 in the United States. Moreover, in the context of equitable tolling, the Eleventh Circuit has held that prison lockdowns and

restricted access to a law library or legal documents do not constitute extraordinary circumstances. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007).

Nor can Petitioner claim ignorance of the law to constitute good cause. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]" (alterations added)). Furthermore, other than his asserted ignorance of the law, Petitioner has not indicated why he was prevented from raising these claims in his first Rule 3.850 motion.

The Court declines to stay this proceeding. Petitioner has failed to establish that a stay is warranted. Even if he could establish good cause, the Court is unable to consider whether the unexhausted claims are meritorious because Petitioner has provided no indication of the substance of the unexhausted claims that he is pursuing in his second Rule 3.850 motion.

Because the Petition, as filed, contains the unexhausted claims, the Court orders Petitioner to file an Amended Petition raising only the exhausted claims. Under Fed. R. Civ. P. 8, a party must submit their allegations with "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Petitioner is subject to a heightened pleading standard in this proceeding, *see Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."), he still must submit his allegations in a manner that is consistent with the goal of Fed. R. Civ. P. 8. In other words, he must present his allegations succinctly while also providing reasonably specific allegations.

Consistent with the goal of Fed. R. Civ. P. 8 and to better serve judicial efficiency, the Amended Petition and any incorporated memorandum of law shall not exceed 20-pages in length. By adhering to this requirement, Petitioner will be in a better position to raise his best claims, not

all possible claims. Title pages preceding the first page of text, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages towards the page limitation. *See generally* S.D. Fla. L.R. 7.1(c)(2). Furthermore, Petitioner shall raise all arguments and supporting details necessary to his claims in the Amended Petition. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court." (citations and internal quotation marks omitted; alteration adopted)).

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion for a Stay of Abeyance, **ECF No. [9]**, is **DENIED**.

2. On or before **May 2, 2022**, Petitioner shall file an Amended Petition **not to exceed 20-pages** in length that complies with the applicable rules of procedure set forth in this order, and that cures the pleading deficiencies identified in this order.

3. The Clerk is directed to provide Petitioner with a copy of the form for Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

4. The Amended Petition must be labeled "Amended Petition" and bear the Case No. **22-cv-14087-BB**, so that it will be filed in this case.

5. The Amended Petition shall be the sole, operative pleading considered in this case, and only the claims listed therein will be addressed by the Court. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Therefore, the Amended Petition should in no way refer to the petitioner's original filing, nor in any way incorporate by reference claims raised or arguments made in that filing. *See* S.D. Fla. L.R. 15.1. Facts alleged and claims raised in petitioner's previous filings that are not specifically re-pleaded in the Amended Petition will be

considered abandoned and voluntarily dismissed. In addition, any claim set forth in the amended petition must be timely filed, or it may be subject to dismissal pursuant to *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000), as well as any other procedural bars and defenses that may apply.

6. The Amended Petition must not incorporate by reference arguments or text from any other documents, including exhibits.

7. Respondent is **directed** that this Order supersedes the Court's Order to Show Cause, **ECF No. [7]**. Upon the filing, the Court will screen the Amended Petition and, if warranted, issue an amended order to show cause.

8. Petitioner is cautioned that failure to comply with this Order may result in dismissal of this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 8, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jeremy N. Kleckner, *Pro Se*
#W40378
Graceville Correctional Facility
Inmate Mail/Parcels
5168 Ezell Road
Graceville, FL 32440

Deborah Koenig
Office of the Attorney General
1515 North Flagler Drive, Suite 900
West Palm Beach, FL 33401
Deborah.koenig@myfloridalegal.com